Michael David OGDEN, as Special Administrator of the ESTATE OF Charles Benson OGDEN, Plaintiff–Appellant,

v.

COUNTY OF MAUI; John Lucia; Clifford Pacheco, Defendants–Appellees.

No. 08–16317.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2009.

Filed June 11, 2009.

Eric A. Seitz, Esquire, Della A. Belatti, Esquire, Lawrence I. Kawasaki, Esquire,

242

Law Office of Eric A. Seitz, Honolulu, HI, for Plaintiff–Appellant.

Moana Monique Lutey, Deputy Corporation Counsel, Department of the Corporation Counsel, Wailuku, HI, Kenneth Searle Robbins, Robbins & Associates, Douglas H. Knowlton, Esquire, Attorney at Law, Honolulu, HI, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, BYBEE and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Michael Ogden, as Special Administrator of the Estate of Charles Ogden, appeals the district court's decision granting the defendants' motion for summary judgment and finding that Officer Clifford Pacheco was entitled to qualified immunity. We affirm.

"Claims of excessive and deadly force are analyzed under the Fourth Amendment's reasonableness standard." *Long v. City & County of Honolulu*, 511 F.3d 901, 906 (9th Cir.2007). "Factors to consider include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (internal quotation marks omitted). This court views officer safety as "the most important of the three ... factors." *Miller v. Clark County*, 340 F.3d 959, 964 (9th Cir.2003).

In this case, the facts before the district court established, among other things, that (1) Ogden sprayed bear deterrent at Officer Pacheco, (2) bear deterrent is capable of causing irreversible eye damage, (3) Ogden did not drop the bear deterrent or attempt to flee the scene even after temporarily incapacitating Officer Pacheco, but instead continued to spray the deterrent while advancing toward Officer Pacheco, and (4) Officer Pacheco reasonably feared that Ogden intended to kill him and/or John Lucia and reasonably believed that shooting Ogden was the only way to protect himself and Lucia. On these facts, we do not believe that Officer Pacheco's conduct constituted a Fourth Amendment violation. In any event, Officer Pacheco is entitled to qualified immunity. It certainly would not have been clear to a reasonable officer that Officer Pacheco's "conduct was unlawful *in the situation he confronted.*" *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir.2003) (internal quotation marks omitted).

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.